UNITED STATES of America,
Plaintiff–Appellee,

v.

Martin HERNANDEZ–VALDEZ, also
known as Fermin Aguirre–Virgil,
Defendant–Appellant.

No. 06–40649
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM: *

Martin Hernandez–Valdez (Hernandez) appeals the 37–month sentence imposed following his guilty plea conviction for illegal reentry. Hernandez argues that this court's practice of affording a presumption of reasonableness to a sentence imposed within a properly calculated guidelines range violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He properly concedes that this argument is foreclosed, but he raises the issue to preserve it for further review. He further argues that the sentence imposed was unreasonable because the district court failed to explicitly address the sentencing factors set forth in 18 U.S.C. § 3553(a) in light of the mitigating evidence he presented. Hernandez also argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that his sentence exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326 offense charged in his indictment.

The record reflects that the district court implicitly considered the factors set forth in § 3553(a) when it determined that a 37–month term of imprisonment was a fair and reasonable sentence in Hernandez's case. *See United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.2005); *see also United States v. Smith,* 440 F.3d 704, 707 (5th Cir.2006). Hernandez has not shown that this sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. *See Mares,* 402 F.3d at 519.

Hernandez's challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.